Gao v. Holder

BIA
Bain, IJ
A095 457 648

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of April, two thousand ten.

PRESENT:

> JOHN M. WALKER, JR.,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> *Circuit Judges.*

_____

MIN LIANG GAO,[1]
　　　*Petitioner,*

　　　v.

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, Jr., U.S. ATTORNEY

GENERAL,[2]
　　　*Respondent.*

08-6055-ag
NAC

_____

_____

[1] The Clerk of the Court is directed to amend the official caption as set forth above.

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**      **Yee Ling Poon, Robert Duk-Hwan Kim, New York, New York.**

**FOR RESPONDENT:**      **Tony West, Assistant Attorney General, Emily Anne Radford, Assistant Director, Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Min Liang Gao, a native and citizen of the People's Republic of China, seeks review of a November 18, 2008 order of the BIA, vacating the January 31, 2005 decision of Immigration Judge ("IJ") Terry Bain granting Gao's application for asylum and withholding of removal. *In re Min Ling Gao*, No. A095 457 648 (B.I.A. Nov. 18, 2008), *vacating* No. A095 457 648 (Immig. Ct. N.Y. City, Jan. 31, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review only the BIA's decision. *See Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In a prior order, we remanded Gao's proceedings to the BIA upon the Government's concession that the BIA had engaged in improper *de novo* factfinding in its March 22, 2007 order. Gao argues that, on remand, the BIA made the same error in its November, 18 2008 order. We disagree. The BIA accepted the facts found by the IJ but concluded, as a matter of law, that Gao had not established either past persecution or a well-founded fear of future persecution based on the sterilization of his mother or on his status as a "*de facto* orphan." Pet'r's Br. at 22. The BIA had the authority to address these "questions of law" regarding Gao's eligibility for relief. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *cf. Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir. 2006) (evaluating *de novo* the agency's "legal conclusion" that a petitioner did not demonstrate a well-founded fear of persecution based on "facts established in the record").

Aside from arguing that the BIA's conclusions rested on impermissible factfinding, Gao does not challenge the merits of the BIA's nexus determination. *See* 8 U.S.C. § 1101(a)(42). Accordingly, Gao has waived any such argument. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). To the extent Gao challenges the

BIA's denial of his application for asylum and withholding of removal, we therefore deny the petition for review.

Furthermore, the BIA properly denied Gao's claim for relief under the Convention Against Torture ("CAT").[3] Based on the IJ's factual findings, the BIA reasonably concluded that Gao failed to present "particularized evidence" to meet his burden in showing that he is likely to be tortured based on his illegal departure from China. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 158 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] The Government argues that Gao failed to exhaust any challenge to the BIA's denial of CAT relief. Even if exhaustion was required, the BIA excused Gao's failure to exhaust by finding him ineligible for CAT relief. *See Xian Tuan Ye v. U.S. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006); *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1994).

4